# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

TAKETA BEARD                                                                                        PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:10CV-468-H

METRO SAFE CALL 911-EMS DISPATCH                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff Taketa Beard filed a *pro se* civil complaint against "Metro Safe Call 911-EMS Dispatch." On the complaint form, she asserts the following grounds for filing suit in this Court:

> 911 dispatch operator on 6-28 told my friend to leave me laying on the ground after my wheelchair dumped over when I was hurt and did not tell the EMS drivers that I was still on the ground and the response time was prolonged due to her negligence in delivering proper information Michael called several times to find out where EMS was.

As her statement of claim, Plaintiff reports that on June 28, 2010, the 911 operator received her call between 8 and 9 a.m. Plaintiff called for help because her motorized wheelchair had turned over. Plaintiff was yelling for her friend Michael to come out of his house and assist her, and when he arrived, she gave him the phone so that he could speak to the 911 operator. The operator advised Michael not to move Plaintiff and to leave her on the ground. Plaintiff reports that the ground was cold and damp and that ants were crawling on and around her. Plaintiff alleges that she had to lie on the ground "in pain" for about 20 minutes before EMS arrived. One of the EMS workers advised Plaintiff that she and her partner had not been advised that Plaintiff was still on the ground "laying on [her] paralalized previously recently fractured elbow and arm." The EMS worker stated that had they been told about Plaintiff's situation, they would have come "with lights and sirens (a priority) instead of taking so long."

Plaintiff claims that had the 911 call been dispatched properly, she "would not have been in pain on the cold damp ground for so long." As relief, she asks that the 911 operator be re-instructed on handling and dispatching calls and seeks "[c]ompensation for the long time [she] had to suffer on the cold ground before help came due to not being dispatched as urgent."

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue," *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), because without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

In the present case, Plaintiff fails to specify this Court's subject-matter jurisdiction. Despite this failure, "it is well settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). Thus, the Court will review the complaint to determine whether the facts are sufficient to invoke its subject-matter jurisdiction.

The federal-question statute, 28 U.S.C. § 1331, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The complaint contains no reference to the United States Constitution or any federal statute or law upon which this Court's jurisdiction rests. Even if the Court were to construe the action as being brought pursuant to 42 U.S.C. § 1983, *see Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) (explaining that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989), the Court cannot find that Plaintiff has alleged facts that rise to the level of any constitutional violation. Plaintiff, therefore, fails to invoke this Court's jurisdiction under the federal-question statute.

In alleging negligence, Plaintiff may be attempting to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. That statute provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." § 1332(a)(1). There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Here, Plaintiff fails to allege an amount-in-controversy exceeding $75,000, and by providing addresses in Louisville, Kentucky for herself and Defendant, she fails to show that they are citizens of different states. Consequently, Plaintiff also fails to demonstrate diversity jurisdiction.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc: Plaintiff, *pro se*
      Defendant
      Jefferson County Attorney
4412.005